```
ANDRES & BERGER, P.C.
264 Kings Highway East
Haddonfield, NJ   08033
(856) 795-1444
Attorneys for plaintiffs
MB 6260
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| VERSIE L. DUPONT, general administrator and administrator *ad prosequendum* of the estate of LAKEISHA R. MAYNER-DUPONT, deceased, and VERSIE L. DUPONT, individually,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA; EYTAN BARNEA M.D.; ERIC CHANG D.O.; MARILYN GORDON M.D.; SHAMEKA BUSSIE R.N.; DORIAN JACKSON R.N.P.; ANAIS ORTIZ R.N.; JOHN DOE #1-15 (fictitious); JANE ROE #1-15 (fictitious); and JOHN DOE EMPLOYERS #1-15 (fictitious), individually, jointly, severally, and/or in the alternative,<br><br>    Defendants. | Civil Action no.<br><br>Civil Action<br><br>COMPLAINT AND DEMAND FOR TRIAL BY JURY |

Plaintiff, Versie L. Dupont, general administrator and administrator *ad prosequendum* of the estate of Lakeisha R. Mayner-Dupont, deceased, and individually, residing at 1535 South 10th Street, Camden, New Jersey, by way of Complaint against defendants, states as follows:

## JURISDICTION

1. At all times relevant hereto, plaintiff Versie L. Dupont was the general administrator and administrator *ad prosequendum* of the estate of Lakeisha R. Mayner-Dupont, deceased, the surviving spouse of decedent Lakeisha R. Mayner-Dupont, and the father of Lee'agba Dupont and Smayrah Dupont, the surviving children of decedent Lakeisha R. Mayner-Dupont.

2. At all times material to this Complaint, CamCare Health Corporation was a professional association with offices located at 817 Federal Street, Camden, New Jersey, which employed defendants Barnea and/or Chang and/or Gordon and/or Bussie and/or Jackson and/or Ortiz for whom said defendants were acting as the agents, servants, and/or employees. CamCare Health Corporation is a federally-supported health facility and deemed community health center under the Federal Tort Claims Act. The United States of America is therefore a defendant for the actions and/or inactions of defendant CamCare Health Corporation.

3. At all times material to this Complaint, defendant Eytan Barnea M.D. was a physician licensed to practice medicine

and/or surgery in the State of New Jersey, with offices located at CamCare Health Corporation, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

4. At all times material to this Complaint, defendant Eric Chang D.O. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at CamCare Health Corporation, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

5. At all times material to this Complaint, defendant Marilyn Gordon M.D. was a physician licensed to practice medicine and/or surgery in the State of New Jersey, with offices located at CamCare Health Corporation, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

6. At all times material to this Complaint, defendant Shameka Bussie R.N. was a registered nurse with offices located at CamCare Health Corporation, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis

and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

7. At all times material to this Complaint, defendant Dorian Jackson R.N.P. was a registered nurse practitioner with offices located at CamCare Health Corporation, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

8. At all times material to this Complaint, defendant Anais Ortiz R.N. was a registered nurse with offices located at CamCare Health Corporation, 817 Federal Street, Camden, New Jersey, who undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

9. At all times material to this Complaint, defendants John Does #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

10. At all times material to this Complaint, defendants Jane Roes #1-15 (fictitious names) were health care professionals and/or other health care providers, however many in number, who undertook and/or assisted and/or otherwise

participated in the diagnosis and/or treatment and/or care of plaintiff's decedent.

11.  At all times material to this Complaint, defendants John Doe Employers #1-15 (fictitious names) were corporations, partnerships, and/or sole proprietorships, however many in number, who were the employers of the individual defendants herein and/or for whom the individual defendants were acting as the agents, servants and/or employees.

12.  On September 16, 2014, plaintiff's decedent died as a result of the failure to diagnose cervical and/or vaginal cancer by the aforementioned defendants, which care and/or treatment failed to comply with the applicable standards of care.

13.  The defendants named herein failed to perform the appropriate and recommended tests to diagnose cervical cancer. Defendants also failed to consider the appropriate testing which should have been performed because of abnormal PAP smears ordered by defendants.  As a result, defendants caused a delay in diagnosis of cervical cancer.  At the time of her diagnosis, Lakeisha Mayner was stage III-B, and her cervical cancer had extended into the upper vagina.  Defendants' delay in diagnosis was the cause of extensive medical treatment and ultimately her death.

14.  Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to the

Federal Tort Claims Act, 28 U.S.C. Section 1346(b), 2671-2680, as the exclusive remedy for injuries and death caused by employees of a deemed community health center. CamCare Health Corporation was deemed eligible for FTCA in 1996 and was eligible for FTCA coverage at the time of this incident. Jurisdiction is further vested because defendants Barnea and/or Chang and/or Gordon and/or Bussie and/or Jackson and/or Ortiz were employees of CamCare Health Corporation and therefore covered under the FTCA at the time of the care and treatment at issue.

### VENUE

Venue is properly laid because the acts and omissions herein complained of occurred in this judicial district.

### FIRST COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Barnea and/or Chang and/or Gordon and/or Bussie and/or Jackson and/or Ortiz and/or John Does #1-15 and/or Jane Roes #1-15 and/or John Doe Employers #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendant United States of America.

2. Defendant United States of America is liable for the acts and/or omissions of its agents, servants, and/or

employees under the doctrine of *respondeat superior* and/or was itself otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendant United States of America for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SECOND COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. On or about December 11, 2009, and thereafter, defendant Eytan Barnea M.D. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

2. At the time and place aforesaid and at all times material hereto, defendant Eytan Barnea M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3. As a direct and proximate result of the negligence of defendant Eytan Barnea M.D. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendant Eytan Barnea M.D. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### THIRD COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. On or about December 11, 2009, and thereafter, defendant Eric Chang D.O. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

2. At the time and place aforesaid and at all times material hereto, defendant Eric Chang D.O. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3. As a direct and proximate result of the negligence of defendant Eric Chang D.O. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendant Eric Chang D.O. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

FOURTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. On or about December 11, 2009, defendant Marilyn Gordon M.D. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

2. At the time and place aforesaid and at all times material hereto, defendant Marilyn Gordon M.D. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3. As a direct and proximate result of the negligence of defendant Marilyn Gordon M.D. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendant Marilyn Gordon M.D. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## FIFTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. On or about December 11, 2009, and thereafter, defendant Shameka Bussie R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

2. At the time and place aforesaid and at all times material hereto, defendant Shameka Bussie R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3. As a direct and proximate result of the negligence of defendant Shameka Bussie R.N. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendant Shameka Bussie R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>SIXTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1.  On or about December 11, 2009, and thereafter, defendant Dorian Jackson R.N.P. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

2.  At the time and place aforesaid and at all times material hereto, defendant Dorian Jackson R.N.P. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3.  As a direct and proximate result of the negligence of defendant Dorian Jackson R.N.P. as hereinbefore set forth,

-11-

plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendant Dorian Jackson R.N.P. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## SEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. On or about December 11, 2009, and thereafter, defendant Anais Ortiz R.N. undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent Lakeisha R. Mayner-Dupont.

2. At the time and place aforesaid and at all times material hereto, defendant Anais Ortiz R.N. was negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent and/or failed to inform plaintiff's decedent as to her condition and/or treatment options.

3. As a direct and proximate result of the negligence of defendant Anais Ortiz R.N. as hereinbefore set forth,

plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendant Anais Ortiz R.N. for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

### EIGHTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2. At the time and place aforesaid and at all times material hereto, defendants John Does #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of defendants John Does #1-15 and/or each of them as hereinbefore

set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendants John Does #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## NINTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them undertook and/or otherwise assisted in the diagnosis and/or treatment and/or care of plaintiff's decedent.

2. At the time and place aforesaid and at all times material hereto, defendants Jane Roes #1-15 and/or each of them were negligent in the diagnosis and/or treatment and/or care of plaintiff's decedent.

3. As a direct and proximate result of the negligence of defendants Jane Roes #1-15 and/or each of them as hereinbefore

set forth, plaintiff's decedent was allowed to suffer permanent injuries leading to her death on September 16, 2014.

WHEREFORE, plaintiff demands judgment against defendants Jane Roes #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

<u>TENTH COUNT</u>

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, defendants Barnea and/or Chang and/or Gordon and/or Bussie and/or Jackson and/or Ortiz and/or John Does #1-15 and/or Jane Roes #1-15 and/or each of them were acting as the agents, servants, and/or employees of defendants John Doe Employers #1-15 and/or each of them.

2. Defendants John Doe Employers #1-15 are liable for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior* and/or were themselves otherwise negligent.

WHEREFORE, plaintiff demands judgment against defendants John Doe Employers #1-15, individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

## ELEVENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

1. At the time and place aforesaid and at all times material hereto, plaintiff Versie L. Dupont was the husband of Lakeisha R. Mayner-Dupont and entitled to his wife's support, society, services, advice, counsel, guidance, and/or consortium.

2. As a direct and proximate result of the negligence of defendants and/or each of them as hereinbefore set forth, plaintiff Versie L. Dupont has been deprived of his wife's support, society, services, advice, counsel, guidance, and/or consortium.

WHEREFORE, plaintiff demands judgment against defendants United States of America; Eytan Barnea M.D.; Eric Chang D.O.; Marilyn Gordon M.D.; Shameka Bussie R.N.; Dorian

Jackson, R.N.P.; Anais Ortiz R.N.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest, counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

THIRTEENTH COUNT

Plaintiff repeats and realleges each and every preceding paragraph of this Complaint as if fully set forth herein.

WHEREFORE, plaintiff demands judgment against defendants United States of America; Eytan Barnea M.D.; Eric Chang D.O.; Marilyn Gordon M.D.; Shameka Bussie R.N.; Dorian Jackson, R.N.P.; Anais Ortiz R.N.; John Does #1-15 (fictitious names); Jane Roes #1-15 (fictitious names); and John Doe Employers #1-15 (fictitious names); individually, jointly, severally, and/or in the alternative, for plaintiff's pain, suffering, and expenses under *N.J.S.A.* 2A:15-3 (or any successor statute) and damages for wrongful death under *N.J.S.A.* 2A:31-1, *et seq.* (or any successor statute) and/or other damages recoverable under the laws of this state and the Federal Tort Claims Act together with interest,

counsel fees, costs of suit, and such other relief which the Court deems equitable and just.

          ANDRES & BERGER, P.C.
          Attorneys for plaintiff

          By _____
             MICHAEL S. BERGER

PLEASE TAKE NOTICE that plaintiff demands trial by jury as to all issues pursuant to F.R.C.P. 38.

          ANDRES & BERGER, P.C.
          Attorneys for plaintiff

          By _____
             MICHAEL S. BERGER

### CERTIFICATION

In accordance with 28 U.S.C. §1746 and R.4:5-1, the undersigned hereby certifies that there are no other proceedings either pending or contemplated, with the exception of a federal claim to be filed under the Federal Tort Claims Act, with respect to the matter in controversy and there are no additional known parties who should be joined to this action at this time.

          ANDRES & BERGER, P.C.
          Attorneys for plaintiff

          By _____
             MICHAEL S. BERGER

## DEMAND FOR DISCLOSURE OF NON-PARTIES

Please take notice that plaintiff hereby demands strict compliance with R.4:5-1(b)(2), which requires that "each party shall disclose in the certification the names of any non-party who should be joined in the action pursuant to R.4:28 or who is subject to joinder pursuant to R.4:29-1(b) because of potential liability to any party on the basis of the same transactional facts."

Plaintiff hereby demands that defendants review all available records, undertake reasonable investigation, and determine the identity of any other individuals or entities who should be joined in this action pursuant to R.4:5-1(b)(2).

The failure to identify non-parties pursuant to this rule will result in an application for sanctions as well as for expenses incurred in connection with the discovery of individuals who should have been identified pursuant to the rule.

                              ANDRES & BERGER, P.C.
                              Attorneys for plaintiff

                              By /s/ Michael S. Berger
                                  MICHAEL S. BERGER

PLEASE TAKE NOTICE that Michael S. Berger, Esquire, is hereby designated trial counsel on behalf of plaintiff in the above-entitled action pursuant to R.4:5-1(c).

ANDRES & BERGER, P.C.<br>
Attorneys for plaintiff<br><br>
By _____<br>
MICHAEL S. BERGER

## CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information, and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-fath argument for the extension, modification, or reversal of existing law.

3. It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

ANDRES & BERGER, P.C.<br>
Attorneys for plaintiffs<br><br>
By _____<br>
MICHAEL S. BERGER

DATED: June 4, 2015